UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, WELLS FARGO BANK, N.A., <br><br> Plaintiff(s), <br><br> v. <br><br> T-SHACK, INC., et al., <br><br> Defendant(s). | Case No. 2:16-CV-2664 JCM (PAL) <br><br> ORDER |

Presently before the court is plaintiffs Federal Home Loan Mortgage Corporation's ("Freddie Mac") and Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment. (ECF No. 22). Defendants High Noon at Arlington Ranch Homeowners Association ("the HOA") and T-Shack, Inc., filed responses (ECF Nos. 31, 34), to which plaintiffs filed a reply, (ECF No. 54).

Also before the court is defendant HOA's motion to dismiss. (ECF No. 14). Plaintiffs filed a response (ECF No. 21), to which defendant replied (ECF No. 23).

Also before the court is plaintiffs' motion for reconsideration of Magistrate Judge Leen's order denying plaintiffs' motion to stay discovery pending resolution of the motion for summary judgment. (ECF No. 53). Defendants have not filed a response, and the time for doing so has since passed.

**I.  Introduction**

This action involves the parties' interests in real property located at 8679 Tom Noon Avenue, #102, Las Vegas, Nevada, 89178 ("the property"). (ECF No. 1).

*a. Plaintiff's interest in the property*

On September 9, 2005, Kathleen Price obtained a loan from DHI Mortgage Company, Ltd. ("DHI") for $211,599 to purchase the property. *Id.* On September 30, 2005, Price obtained title to the property via a grant, bargain, and sale deed, which was recorded on September 30, 2005. *Id.* Price executed a promissory note in favor of DHI, as well as a deed of trust to secure repayment of the loan. *Id.* The deed of trust, recorded on September 30, 2005, listed DHI as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary solely as nominee for the lender and the lender's successors and assigns. *Id.*

Plaintiff Freddie Mac alleges that it "subsequently" acquired ownership of the loan, including the note and deed of trust. (ECF No. 1). Plaintiff attached a copy of a printout from its MIDAS system pertaining to its purchase of the loan to its motion for summary judgment. *See* (ECF No. 22-1). Pursuant to the printout, plaintiff Freddie Mac acquired an ownership interest on October 27, 2005. *Id.*

On January 27, 2010, a corporate assignment of deed of trust was executed, naming Wells Fargo as beneficiary. *Id.* Wells Fargo is the authorized servicer of the loan for Freddie Mac.[1] *Id.*

*b. Defendants' interest in the property*

On September 20, 2012, Alessi & Koenig, LLC ("Alessi"), on behalf of the HOA, recorded a lien for delinquent assessments, asserting an outstanding amount owed as of August 24, 2012, of $2,587.76. *Id.* On January 1, 2013, Alessi recorded a notice of default and election to sell, asserting an outstanding amount owed as of December 26, 2012, of $3,252.76. *Id.* On October 22, 2013, Alessi recorded a notice of trustee's sale, setting a sale date of November 20, 2013. *Id.* On November 20, 2013, the HOA allegedly foreclosed against the property. *Id.* T-Shack, Inc. allegedly purchased an interest in the property at the foreclosure sale for $5,588. *Id.* The trustees deed upon sale was recorded on November 26, 2013. *Id.*

. . .

. . .

---

[1] For the governing documents of Freddie Mac's service agreement with Wells Fargo ("the Guide"), *see* (ECF Nos. 22-5, 22-6, 22-7, 22-8, 22-9, 22-10, 22-11, 22-12, & 22-13).

*c. Plaintiff's complaint*

Plaintiff challenges defendants' conduct surrounding the November 20, 2013, HOA foreclosure sale and seeks to preserve its pre-sale interest in the property. *Id.* Plaintiff alleges the following relevant causes of action against the HOA: (1) declaratory relief under the Fifth and Fourteenth Amendments' due process clauses; and (2) quiet title.[2] *Id.*

**II. Legal Standard**

*a. Motion for summary judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed

---

[2] Plaintiff's complaint also alleges wrongful foreclosure, unjust enrichment, and violation of NRS 116.1113. (ECF No. 1). As plaintiff's motion for summary judgment requests judgment on its declaratory relief and quiet title claims, those claims are the focus of the instant order.

James C. Mahan
U.S. District Judge

- 3 -

to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

  b. *Motion to dismiss for failure to state a claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

*a. Motion for summary judgment*

In plaintiffs' motion for summary judgment, plaintiffs argue that judgment in their favor is proper as to their claims for declaratory relief and quiet title because the federal foreclosure bar preempts contrary state law. (ECF No. 22). Defendant HOA argues that plaintiffs do not have standing to assert claims on behalf of the FHFA, who is not a party to this litigation. (ECF No. 31). The HOA argues in the alternative that the FHFA consented to the foreclosure and that the FHFA has failed to utilize its alternative remedies, which are available when one of its servicers allows for a HOA to foreclose on property subject to a deed of trust. *Id.* Defendant T-Shack echoes the HOA's arguments, and further argues that because plaintiffs were not denied due process on these facts and may have received actual notice of the alleged foreclosure sale, the court cannot enter judgment in their favor. (ECF No. 34).

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Freddie Mac acquired ownership of the underlying loan on October 25, 2005. (ECF No. 22-1). Further, an assignment of the deed of trust was recorded on January 27, 2010 that named Wells Fargo beneficiary. (ECF No. 22-4). Wells Fargo acted as a contractually authorized servicer of the loan on behalf of Freddie Mac, the owner of the note. Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and

privileges of plaintiff. See 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for plaintiff prior to the HOA foreclosure sale on November 20, 2013.

FHFA did not consent to the extinguishment of plaintiff's property interest through the HOA foreclosure sale. Defendant HOA argues in its motion to dismiss and in its response that FHFA has affirmative rights and duties, and a failure to appear at the foreclosure sale or pay the superpriority lien prior to the sale constituted consent to the foreclosure. *See* (ECF Nos. 14, 31). However, pursuant to the Ninth Circuit's recent decision in *Berezovsky*, § 4617(j) imposes no such duties on the FHFA, and the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust. *See Berezovsky*, 869 F.3d at 929, 931.

Plaintiffs obtained their interest in the property prior to the alleged HOA foreclosure sale. As plaintiff Freddie Mac was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, plaintiffs' interest in the property survived the alleged foreclosure. Plaintiffs are entitled to summary judgment on their declaratory relief and quiet title claims.[3]

  *b. Other outstanding motions*

Defendant HOA filed a motion to dismiss plaintiffs' complaint for failure to state a claim and failure to mediate. As the court will grant plaintiffs' motion for summary judgment on its claims for declaratory relief and quiet title for the reasons discussed above, it follows that these claims state a claim upon which relief can be granted. Therefore, the court will deny defendant's motion to dismiss.

As the court will grant plaintiffs' motion for summary judgment, plaintiffs' motion for reconsideration of Magistrate Judge Leen's order denying plaintiffs' motion to stay discovery pending resolution of the motion for summary judgment is moot. Therefore, the court will deny the motion.

. . .

. . .

---

[3] The court will not address plaintiff's wrongful foreclosure, unjust enrichment, or NRS 116.1113 claims, which appear to be pled in the alternative and are not addressed in plaintiff's motion for summary judgment.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 22) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 14) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion for reconsideration (ECF No. 53) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff shall prepare a proposed judgment consistent with this order and submit it to the court within thirty (30) days of the filing of this order.

DATED January 17, 2018.

_____
UNITED STATES DISTRICT JUDGE